# THE METROPOLITAN LIFE INSURANCE COMPANY, RESPONDENT. *v.* S. B. McCOY, APPELLANT.

*Unauthorized placing of a seal upon an executory parol agreement — when it discharges the parties thereto — authority to affix the seal cannot be implied from the presence at the end of an unsealed instrument of the words " sealed with our seals."*

This action was brought against the defendant upon a bond, signed by himself and another person, conditioned for the faithful performance by one George Sherman of his duties as agent of the plaintiff. One of the defenses interposed by the defendant was that the paper counted on as a bond was not sealed when signed by the defendant, and that the seal was placed thereon thereafter without his knowledge, permission or authority. Upon the trial proof tending to establish these facts was given, and a request was made by the defendant that the questions pertaining thereto should be submitted to the jury.

The court refused this request, holding that, inasmuch as the paper on its face, when signed by the defendant, was in the form of an ordinary obligation or bond and it contained the words " sealed with our seals," and that it passed, from his hands without dissent or remark as to the seal or its omission, it should be held in law that he impliedly assented to the putting on of a seal to answer an intent manifest on the face of the instrument; that such should be held in law the natural *prima facie* intent of the party, and that this should control in the absence of evidence expressly showing a different and contrary intent, and so holding he directed a verdict for the plaintiff.

*Held,* error.

That as the instrument was complete, valid and binding upon the defendant without the seal, no inference would necessarily arise against an intention on his part that it was to remain unchanged.

That the presence in the paper of the words " sealed with our seals " did not support the inference drawn therefrom by the court; that such words alone, and

without any proof *aliunde* to give them significance, were mere surplusage, neither invalidating the instrument nor raising any legal implication of an intent to have it changed, in its legal effect, in the future.

*Barnet* v. *Abbott* (53 Vt., 120) approved.

MOTION by defendant for a new trial on exceptions ordered at the Albany Circuit to be heard in the first instance at the General Term.

The defendant was sued as surety for George W. Sherman upon an indebtedness existing against Sherman as plaintiff's agent, alleged to have accrued between September, 1870, and January, 1872. The complaint alleged that on the 9th of March, 1870, the plaintiff being about to employ Sherman, the defendant executed a bond, a copy of which is set up in the complaint. There was no allegation that the bond was sealed, and the copy set forth merely concluded with the letters " L. S.," three times repeated. The answer denied that defendant executed any bond, a copy of which was set forth, and pleaded the statute of limitations and various other defenses and counter-claims. On the trial the question was raised whether under the pleadings the defendant could prove that the bond was not sealed, and to obviate any further question upon that point the defendant availed himself of an amendment to his answer, allowed by the court, by which he expressly denied that the bond was sealed. The bond offered in evidence by the plaintiff had on it, at the time Mr. McCoy signed it, the printed letters " L. S.," repeated three times. The subscribing witnesses to the bond did not actually witness either the signing or sealing of the bond. The defendant testified that he signed the bond opposite to the letters L. S. ; did not put any seal on, nor did he authorize any to be put on.

*N. C. Moak* and *Worthington Frothingham*, for the appellant.

*W. H. Arnoux*, for the respondent.

BOCKES, P. J.:

Case and exceptions ordered to be heard in the first instance at General Term, a verdict having been directed for the plaintiff by the court.

The action was against the defendant as surety for George W. Sherman on his bond securing his faithful action as plaintiff's agent. The condition of the bond was, in substance, that if Sherman, who

was appointed plaintiff's agent, should faithfully conform to all instructions and directions which he, as agent, might receive from the plaintiff, and should remit all moneys received by him, less his commission, together with his account, then the obligation to be void, otherwise to remain of full force. We are of the opinion that a *prima facie* case was made by the plaintiff on its proof, for a recovery as claimed, for the sum of $1,636.89, with interest, not, however, to exceed in the aggregate for principal and interest $2,000, the penalty of the bond, for which latter sum the verdict was directed.

One of the defenses interposed was that the paper counted on as a bond was not sealed when signed by the defendant, and that the seal was placed thereon thereafter without his knowledge, authority or sanction. The proof tended to establish, if indeed it did not conclusively establish, those facts. The learned judge held, in substance, that inasmuch as the paper on its face, when signed by the defendant, was in the form of an ordinary obligation of a bond, read " sealed with our seals," and so passed from his hands without dissent or remark as to the seal or its omission, it should be held in law that he impliedly assented to the putting on of a seal to answer an intent manifest on the face of the instrument; that such should be held in law the natural *prima facie* intent of the party, and was controlling in the absence of evidence expressly showing a different and contrary intent, and so holding, refused the defendant's request to have the questions pertaining to the subject, or any question submitted to the jury, and directed a verdict for the plaintiff. To these rulings the defendant entered exception.

It is, of course, not disputed that the affixing a seal to a simple contract after its execution by a party, without his knowledge, consent or approval, is an alteration of the instrument, and invalidates it as against him in the absence of all proof, that it was affixed by mistake or by a stranger thereto.

So it has been well said that the seal converts a simple contract into a specialty, and makes it an obligation of different grade and character. This doctrine of the law is too familiar to require citation of authorities in its support. The question in this case was made to depend upon *an implied consent* on the part of the defendant to the subsequent affixing of the seal. The learned judge held that

there was such implication on the face of the instrument, whereas the defendant insisted and now insists to the contrary, and that in any event the question of defendant's consent was one of fact for the jury on all the evidence in the case. The learned judge put great stress on the form of the instrument that it also contained the words "sealed with our seals," and therefrom himself drew the inference, as matter of law, that it was the intention of the defendant that seals should be thereafter attached, which was equivalent to a consent that this might be done. In this we are of the opinion he was in error. The instrument was complete, valid and binding upon the defendant without the seal, and consequently no inference would necessarily arise against an intention on his part that it was to remain unchanged. It is suggested that it was plainly his purpose that the instrument should have validity against him. But this purpose was answered by the paper as signed. It was operative and binding without the seal; and the legal inference in the absence of all proof to change it, would be that the defendant intended that the instrument should remain in form and in legal effect as when it passed from his hand on its execution.

The learned judge, however, held to the contrary. Then did the words "sealed with our seals" support the implication declared, as matter of law? Alone and without any proof *aliunde* to give them significance, these words were mere surplusage. They, of themselves, neither invalidated the instrument, nor raised any legal implication of an intent to have it changed in its legal effect in the future. This subject, in all its bearings under the proof in the case, was considered by Judge REDFIELD in *Barnet* v. *Abbott* (53 Vt., 120, 128, 129), and the decision in the case is directly and flatly against the ruling here challenged for error.

It should, perhaps, be observed that the case is entirely unlike those where blanks are left in the instrument and after its execution filled in without the knowledge or consent of the person ostensibly bound by it. Here the instrument was complete in form and perfect in its legal effect when signed, and its alteration was equivalent to a forgery, unless the change was made under the authority or approval of the defendant.

If the evidence on this subject, submitted on the part of the

defendant, was to be credited, and this was for the jury to determine, the seal was affixed to the instrument after he had signed it, without his knowledge, authority or approval; hence it was inoperative as to him, and it was error for the judge to hold, as matter of law, against this proof, that consent to the affixing of the seal was a necessary legal inference from its form and contents, and to direct a verdict for the plaintiff.

The motion for a nonsuit must be granted; new trial granted, costs to abide the event.

Present — BOCKES, P. J., LANDON and PARKER, JJ.

New trial granted, costs to abide event.